

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/2021

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

**MEMO ENDORSED**

Gary Moy
212.471.4409 direct
212.583.9600 main
gmoy@littler.com

July 15, 2021

**VIA ECF**
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    Egyy Mercado v. William F. Ryan Community Health Center, Inc.**
           No. 21 Civ. 3424 (VEC)

Your Honor:

This firm represents Defendant William F. Ryan Community Health Center, Inc. in the above-referenced matter.  Defendant writes jointly with Plaintiff to respectfully request that the Court stay this action pending the parties' completion of mediation, which is currently scheduled for September 2, 2021 with JAMS Mediator Carol A. Wittenberg.

By way of background, Plaintiff commenced this action alleging that she was subjected to discrimination and retaliation and improperly terminated, in violation of the Americans with Disabilities Act of 1990, the Family and Medical Leave Act, the Age Discrimination in Employment Act of 1967, and the New York State and City Human Rights Laws.  Thereafter, the Court granted the parties' request to extend Defendant's time to respond to the Complaint, which request was made in part to enable the parties to focus their time and effort on early settlement discussions. (Docket Entry No. 8)

Following the Court's Order, the parties attempted to negotiate a resolution of this matter.  As a result of these discussions, however, the parties agreed that a neutral third party would increase the likelihood of success in achieving settlement.  To that end, the parties agreed to participate in mediation and, thereafter, selected Ms. Wittenberg as mediator.  September 2, 2021 is the earliest date that the parties, legal counsel, and Ms. Wittenberg are mutually available, although the parties have asked for an earlier date if Ms. Wittenberg has a cancellation.

The Honorable Valerie E. Caproni
July 15, 2021
Page 2

The Court has wide discretion in controlling the scheduling of its cases.  See Clinton v. Jones, 520 U.S. 681, 706 (1997) (court "has broad discretion to stay proceedings as an incident to its power to control its own docket"); Advanced Bodycare Sols., LLC v. Thione Int'l, Inc., 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances and granting a stay to permit mediation (or to require it) will often be appropriate"); see also Fed. R. Civ. P. Rule 16(b)(4) (the Court may amend the scheduling order for good cause);  Rule 26(c)(1) (the Court may issue an order limiting discovery or specifying the terms, including time and place, for discovery).

Good cause justifies staying this action pending mediation.  See Amusement Indus., Inc. v. Stern, No. 07 Civ. 11586 (LAK) (GWG), 2014 WL 4460393 (S.D.N.Y. Sept. 10, 2014) (noting that "the Court granted the parties' request to stay discovery pending mediation").  The brief stay will conserve the resources of both the parties and the Court, and may avoid substantial anticipated costs, the burden of motion practice and the discovery process.  In particular, the Ryan Center is a not-for-profit providing essential primary care services to the underserved population on Manhattan's Upper West Side.  Due to the pandemic, resources are scarce and the demand for medical services is extremely high.  As such, Defendant respectfully submits that the Ryan Center must preserve its resources so that it can deliver quality medical care to those in need.  Moreover, a stay of this action will not impose an inequity on any party because all parties have agreed to the request.

Party and judicial resources will greatly be conserved if the parties are able to avoid discovery and motion practice.  Indeed, needless discovery expenses and disputes would waste time, effort, and money -- and might frustrate a resolution of this matter.  See ArrivalStar, S.A. v. Blue Sky Network, LLC, No. 11-4479 (SBA), 2012 WL 588806, at *1 (N.D. Cal. Feb. 22, 2012) ("staying discovery pending mediation will conserve the resources of the parties and will not impose an inequity on any party"); Perry v. Nat'l City Mortgage, Inc., No. 05-891 (DRH), 2007 WL 2122417, at *1 (S.D. Ill. July 20, 2007) (granting a joint motion to stay "in order to encourage a global resolution").

Additionally, staying this action will not meaningfully extend the life of this case in the event the parties do not reach an amicable resolution at mediation.  Specifically, pursuant to the Court's Standing Administrative Order for counseled employment cases, parties are directed to attend mediation within 60 days or as soon thereafter as can be scheduled (and, generally, only after mandatory mediation do parties proceed with formal discovery).  However, having invested considerable monetary resources and time to participate in private mediation, this case need not be included in the program and delayed 60 days or more thereunder.  As the parties' mediation will be held on September 2, 2021 (if not earlier, in the event of a cancellation), which, by comparison, is six weeks from the date of this application, the parties' proposal to stay this action

The Honorable Valerie E. Caproni
July 15, 2021
Page 3

pending mediation will facilitate a quicker resolution of this case no matter the outcome of those efforts with Mediator Wittenberg.

Given the parties' interest in obtaining an efficient resolution of this matter, and optimism that the mediation will be successful, the parties respectfully request that the Court stay this action pending the completion of mediation currently scheduled for September 2, 2021. If this request is granted, the parties commit to advise the Court on the status of mediation efforts by September 7, 2021 (the day after the Labor Day Weekend).

We thank the Court for its consideration of this matter.

                                                          Respectfully submitted,

                                                                 /s/
                                                       Terri M. Solomon
                                                       Gary Moy
                                                      LITTLER MENDELSON, P.C.
                                                       900 Third Avenue
                                                      New York, New York 10022.3298

Cc: Marjorie Mesidor
    Joseph Myers
    Phillips & Associates PLLC
    585 Stewart Avenue, Suite 410
    Garden City, New York 11530
    Tel: 212-248-7431
    Fax: 212-901-2107
    Email: MMesidor@tpglaws.com

---

Application GRANTED. This matter is STAYED, pending the resolution of private mediation. Not later than **September 9, 2021**, the parties must either file a notice of settlement or a letter motion requesting that the Court either lift the stay or extend the parties' time to engage in private mediation.

SO ORDERED.

*Valerie Caproni*
7/16/2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE